FILED
SUPERIOR COURT
OF GUAM

2012 JAN -6 AM 11: 24

CLERK OF COURT

BY _____

**IN THE SUPERIOR COURT
OF GUAM**

GUAM GREYHOUND, INC. and JOHN BALDWIN,

                 Plaintiffs,

    v.

DOROTHY BRIZILL and Does 1-20,

                 Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case no. CV0960-06

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 27, 2011. The Plaintiffs were represented by attorney Jacques G. Bronze. Defendant was represented by attorney Jeffrey A. Cook. After considering the matters presented, the court now issues the following decision and order granting Defendant's motion for entry of scheduling order and discovery plan. Thus, the court also denies Plaintiffs' motion for entry of protective order.

## BACKGROUND

In 2006, a ballot initiative was proposed to legalize slot machine gambling at the Guam Greyhound track.[1] Jacqueline A. Marati and Lina'la Sin Casino issued a press release that allegedly contained "some . . . defamatory material" provided by Dorothy Brizill ("Defendant"). On August 2, 2006 Defendant made statements on a Guam radio broadcast that allegedly exposed her to liability for defamation. As a result, Plaintiff filed a complaint on August 4, 2006, alleging that the Defendant's radio broadcast and her statements provided to Jacqueline A. Marati and Lina'la Sin Casino exposed the Defendant to liability for defamation, tortious interference with

---

[1] The track was owned by John K. Baldwin.

Guam Greyhound's prospective business advantage, and false light invasion of privacy.

On September 13, 2006, Defendant filed a motion to dismiss pursuant to the Citizen Participation in Government Act ("CGPA"). The court granted the Defendant's motion, and the Plaintiff timely filed his appeal. The Supreme Court of Guam affirmed the court's grant of summary judgment and remanded the matter for further proceedings. On January 2, 2009, Defendant filed a motion for entry of scheduling order and discovery plan regarding the appropriate amount of attorneys' fees, litigation expenses, and sanctions to be imposed upon the Plaintiffs and/or their counsel pursuant to 7 GCA § 17106. On August 15, 2011, Plaintiffs filed a motion for entry of protective order prohibiting discovery on the issue of sanctions. Because these motions are merely opposing motions regarding the same issues, the court will address them together.

## DISCUSSION

In order to address the issues of attorneys' fees, litigation expenses, and sanctions the court must look to the CPGA. The CPGA was enacted by the Legislature of Guam in response to a nationwide trend of "civil lawsuits and counterclaims, often claiming millions of dollars, [that] have been, and are being, filed against thousands of citizens, businesses and organizations based on their valid exercise of their right to petition, including seeking relief, influencing action, informing, communication, and otherwise participating with government bodies, officials, or employees or the electorate." 7 GCA § 17102(a)(3). "[S]uch lawsuits, called 'Strategic Lawsuits Against Public Participation' or 'SLAPPs', are typically dismissed as unconstitutional, but often not before the defendants are put to great expense, harassment, and interruption of their productive activities." 7 GCA § 17102(a)(4).

As mentioned above, Defendant seeks attorney's fees, costs and sanctions be assessed to Plaintiffs and/or their counsel pursuant to 7 GCA § 17106 (g). That section provides,

> [T]he court *shall award* a moving party who is dismissed, without regards to any limit under Guam law:
>
> > (1) costs of litigation , including reasonable attorney and expert witness fees, incurred in connection with the motion; *and*
> >
> > (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated.

7 GCA § 17106 (g) (emphasis added). In the instant case, § 17106 (g) is applicable because the Defendant is a moving party who was dismissed from the instant action when the court granted her motion for summary judgment.[2] Thus, the court finds that it must impose attorney's fees and costs, and make a determination as to what sanctions are appropriate because the language of the statute is mandatory. *See* 1 GCA § 717 ("*Shall* is mandatory and *may* is permissive.").

In regards to attorneys' fees and costs, the court intends to employ the lodestar method of assessing attorneys fees, that is, the reasonable number of hours expended by the attorney(s) multiplied by the reasonable hourly rate per attorney. *See, e.g., Santos v. Camacho*, 2008 WL 1699448 * 32. Therefore, the Defendant shall prepare and file an application for fees and costs within thirty (30) days of this decision and order, itemizing her litigation expenses, the work reasonably performed by her attorneys, and her attorneys' reasonable hourly rates. Defendant shall also provide the court with affidavits or declarations from experienced counsel attesting to the reasonableness of both the hours expended and the reasonableness of the hourly rate requested.

---

[2]Plaintiff argues that the doctrine of laches precludes Defendant's claims for attorney's fees, costs and sanctions. The court however disagrees.

Plaintiffs and their attorneys may file objections and counter-affidavits or declarations with respect to the reasonableness of the attorneys fees and costs requested within thirty (30) days of filing by Defendant of her application of costs and attorneys fees. Plaintiff shall then have fifteen (15) days to reply.

In regards to sanctions, the court reserves making a determination as to what sanctions are appropriate until a later time. The court, however, now addresses the issue brought forward by the parties concerning discovery regarding sanctions. Defendant contends that sanctions are mandatory under the CPGA and that discovery is required to determine the amount of sanctions that should be awarded.[3] Defendant further contends that sanctions cannot be decided as a matter of law. On the other hand, Plaintiff contends that a protective order should be entered pursuant to Rule 26 (c) of the Guam Rules of Civil Procedure to prohibit any discovery into the issue of sanctions. Plaintiffs argue that the discovery Defendant intends to seek is improper, irrelevant and unnecessary.

The process and scope of discovery are governed by the Guam Rules of Civil Procedure, Rules 26 through 37. "In general, [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." GRCP Rule 26 (b)(1). In the

---

[3]Defendant contends that in order to decide whom to sanction, the court needs to know who was really responsible for fomenting this litigation. For example: Has Plaintiff Baldwin filed, or financed, SLAPP suits in the past? Has the Lackey Hershman law firm filed SLAPP suits in the past, for Baldwin or others? Likewise, in order to determine what level of sanction is "sufficient to deter repetition," the court needs to know whether the plaintiffs and/or their counsel are SLAPP recidivists, accustomed to using this abusive litigation technique to intimidate and silence their public policy opponents. Similarly, the court needs to become informed about the Plaintiffs' financial situaiton - what is Plainfiff Baldwin's net worth? - how much did he spend on this litigaiton? - how much did he spend to try to enact his gambling ballot measures on Guam. *See August 15, 2011 Stipulation.*

instant case, the court finds that the discovery sought by the Defendant is proper, relevant and necessary to the determination as to what sanctions are appropriate. Therefore, the court grants Defendant's discovery request, however the court limits discovery to the financial statements of named Plaintiffs from the years of 2006 to 2011. The Defendant is also allowed to discover whether the Plaintiffs filed SLAPP suits prior to 2006, however she is limited to only one set of interrogatories (which shall be contain no more than 25 interrogatories, including subparts) and one deposition of the Plaintiff concerning whether he filed SLAPP suits prior to 2006.

## CONCLUSION

Based on the foregoing the court GRANTS Defendant's motion for entry of scheduling order and discovery plan. Thus, the court DENIES Plaintiffs' motion for entry of protective order. The parties are also ordered to submit the above mentioned paper work regarding attorney's fees. The court wants to first allow discovery and address the Defendant's attorney's fees and costs before making a determination as to what sanctions are appropriate.

SO ORDERED, this 6th day of January 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN 0 6 2012